liARMSTRONG, Judge,
dissenting with reasons.
I respectfully dissent because I believe that, under the terms of the City’s Charter, the City Attorney did not have authority to sign the settlement agreement at issue. The Charter provides that the City’s Department of law, headed by the City Attorney, shall: “Prepare, or approve as to form and legality, all contracts, documents and instruments creating any legal or conventional obligation affecting the City”. Charter Section 4-401(5) (emphasis added). It does not authorize the City Attorney to sign contracts. Instead, the Charter provides that the Mayor “shall have the power and shall be required to sign contracts, bonds or other instruments requiring the assent of the City except those which the Director of Finance or other officer is authorized to sign”. Charter Section 4-206(l)(i). With respect to formal written contracts, Section 4-206(l)(i)’s reference to “other officer” is subject to the Charter’s more specific provision that “All formal written contracts to which the City is a party, except those [for certain professional services], shall be signed by the Mayor or, under the Mayor’s authorization, by the Director of Finance or the Director of Property Management”. Charter Section 6-308(1) (formerly Section 6-307) (emphasis added). The settlement agreement at issue obviously is a formal written contract subject to Section 6-308(1). The argument that the City Attorney was authorized by the Mayor to sign the settlement agreement at issue fails in the face of Section 6 — 308(l)’s provision that |2the Mayor may authorize the Director of Finance or Property Management to sign formal written contracts. If the City Attorney also could be so authorized by the May- or, then Section 6-308(1) would so state.